UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ISIS RUDOLPH,

      **Plaintiff,**

   v.                                              Civil Action 2:25-cv-757
                                                        Judge Algenon L. Marbley
                                                        Magistrate Judge Chelsey M. Vascura

**HARRISON METROPOLITAN**
**HOUSING AUTHORITY,** *et al.***,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

    Plaintiff, Isis Rudolph, an Ohio resident proceeding without the assistance of counsel, sues Defendants Harrison Metropolitan Housing Authority ("HMHA") and Cedar One Property Management LLC ("Cedar One") for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Fair Housing Act ("FHA"), violations of her Fourteenth Amendment rights under 42 U.S.C. § 1983, and various state-law violations.

    Plaintiff's motion for leave to proceed *in forma pauperis* was granted under 28 U.S.C. § 1915 on August 26, 2025. (ECF No. 15.) This matter is before the Court for the initial screen of Plaintiff's Amended Complaint (ECF No. 16) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons below, Plaintiff **MAY PROCEED** on Counts 1–7 against HMHA and on Counts 1–4, 6, and 9 against Cedar One, but it is **RECOMMENDED** that her remaining claims be

dismissed for failure to state a claim on which relief may be granted. Further, Plaintiff's Request for Reasonable Accommodations (ECF No. 1) and Motion to Stay Eviction Proceedings (ECF No. 2) are **DENIED WITHOUT PREJUDICE**, and her Motion for PACER Fee Exemption (ECF No. 12) is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff alleges that she suffers from significant disabilities, including posttraumatic stress disorder, attention-deficit/hyperactivity disorder, and traumatic brain injury, which substantially limit major life activities, including cognitive processing, memory, communication, and social interaction. Plaintiff was a participant in HMHA's Section 8 Housing Choice Voucher Program and was a tenant in a property managed by Cedar One. Defendants allegedly knew of Plaintiff's disabilities but refused to provide her with reasonable accommodations, such as extensions of time or alternative communication methods, to allow her to participate in the voucher program. HMHA further incorrectly applied Plaintiff's benefits, such that Plaintiff was required to pay a higher rent than was warranted, and ultimately accused Plaintiff of fraud based on her estimated self-employment income. In April 2025, HMHA issued a hearing notice misdated as "May 27, 2021," which confused Plaintiff. Although she promptly requested a postponement of the hearing, HMHA proceeded in her absence and terminated Plaintiff's voucher. Around the same period, Cedar One issued a non-renewal of Plaintiff's lease shortly after Plaintiff requested disability accommodations. Cedar One also entered Plaintiff's residence without notice multiple times. Plaintiff alleges that Defendants' conduct has resulted in severe emotional distress, financial hardship, and the impending loss of her housing. (Am. Compl., ECF No. 16.)

Plaintiff advances seven causes of action against HMHA: (1) failure to make reasonable accommodations under the FHA, (2) retaliation under the FHA, (3) failure to provide equal

2

access under the Rehabilitation Act, (4) failure to make reasonable accommodations under Title II of the ADA, (5) procedural due process violations under the Fourteenth Amendment, (6) failure to make reasonable accommodations under the FHA (specific to the portability of Plaintiff's voucher), (7) failure to make reasonable accommodations under Ohio Revised Code § 4112.02(H). Plaintiff advances nine causes of action against Cedar One: (1) failure to make reasonable accommodations under the FHA, (2) retaliation under the FHA, (3) hostile housing environment under the FHA, (4) denial of equal access under the Rehabilitation Act, (5) denial of services under Title II of the ADA, (6) unsafe housing conditions and breach of quiet enjoyment under 24 C.F.R. § § 100.65(b)(4) and Ohio Revised Code § 5321.04(A)(8), (7) discriminatory enforcement of renter's insurance under the FHA and the HUD/DOJ Joint Statement on Reasonable Accommodations, (8) conspiracy to interfere with Plaintiff's equal protection rights under 42 U.S.C. § 1985(3), and (9) failure to provide reasonable accommodations and retaliation under Ohio Revised Code § 4112.02(H).

As relief, Plaintiff seeks an injunction requiring the reinstatement of her Section 8 Housing Choice Voucher, preventing Defendants from terminating Plaintiff's housing assistance, non-renewing her lease, or evicting her, and requiring Defendants to cease all retaliatory conduct. Plaintiff also seeks a declaration that Defendants have violated various statutes and regulations, as well as compensatory and punitive damages.

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient

4

factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.     ANALYSIS

Plaintiff may proceed on Counts 1–7 against HMHA and on Counts 1–4, 6, and 9 against Cedar One. But for the reasons that follow, it is recommended that Plaintiff's remaining claims be dismissed.

First, Plaintiff fails to state an ADA claim against Cedar One. The ADA applies only to certain entities: Title I governs employers, Title II governs public entities, and Title III governs private entities operating public accommodations. *See* 42 U.S.C. §§ 12111–12, 12132, 12182. Plaintiff alleges in a conclusory fashion that "Cedar One is subject to the ADA." (Am. Compl. 5, ECF No. 16.) Yet Cedar One is a private company that is neither a public entity nor an operator of public accommodations. *See*, *e.g.*, *Samuel v. Delaware Cnty. Hous. Auth.*, No. 22-2451, 2023 WL 4494163, at *9 (E.D. Pa. July 11, 2023) (dismissing the ADA claim with prejudice because the defendant's apartment building, regardless of whether it accepts federal funds in the form of housing vouchers, is not a public accommodation within the meaning of the ADA); *Ayyad-*

5

*Ramallo v. Marine Terrace Assocs. LLC*, No. 13-7038, 2014 WL 2993448, at *5 (E.D.N.Y. July 2, 2014) ("[T]he ADA does not apply to private landlords, even if the premises are used for publicly subsidized housing."). Plaintiff has therefore failed to allege facts on which the Court could rely to conclude that Cedar One is liable under the ADA. Plaintiff's ADA claim against Cedar One (Count 5) must therefore be dismissed.

Further, Plaintiff has not stated a claim for discriminatory enforcement of renter's insurance under the FHA. Plaintiff's sole allegations relating to this claim are that "Cedar One enforced insurance requirements despite Plaintiff's documented hardship" and that this failure constitutes discrimination. (Am. Compl. 15, ECF No. 16.) Although the FHA does require housing providers to make reasonable disability accommodations to tenants, a bare allegation of "hardship" does not plausibly suggest that Cedar One violated the statute by enforcing renter's insurance requirements. This is precisely the kind of "naked assertion devoid of further factual enhancement" that does not suffice under *Iqbal*. *See* 556 U.S. at 678. Plaintiff's claim for discriminatory enforcement of renter's insurance against Cedar One (Count 7) must therefore be dismissed.

Finally, Plaintiff has not stated a claim for conspiracy to interfere with civil rights under § 1985(3). To prove a claim under § 1985(3), a plaintiff must demonstrate the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) and *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 828–29 (1983)). "It is well-settled that conspiracy claims must be pled with some

degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. That pleading standard is relatively strict." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) (cleaned up). Plaintiff's allegations of conspiracy are limited to her assertion that "[c]oordinated actions [between HMHA and Cedar One] include miscommunication, retaliation, and administrative sabotage." (Am. Compl. 16, ECF No. 16.) Although Plaintiff alleges that HMHA and Cedar One both took adverse actions against her, the Amended Complaint lacks any plausible allegation that HMHA and Cedar One did so in a coordinated fashion. As a result, the Complaint fails to allege a plausible conspiracy claim. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (to support a conspiracy theory, a plaintiff must show, in part, "that an overt act was committed in furtherance of the conspiracy that caused injury to the [plaintiff]"); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (finding conclusory factual allegations insufficient to state a § 1985 conspiracy claim). Plaintiff's claim for conspiracy against Cedar One (Count 8) must therefore be dismissed.

Plaintiff has also filed a number of miscellaneous motions. Her Request for Reasonable Accommodations (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. Most of Plaintiff's requested accommodations pertain to in-person court appearances. No in-person court appearances are currently scheduled. Should an in-court appearance by Plaintiff become necessary, she may renew her request for accommodations specific to the appearance in question. As for her request for permission to submit documents using "accessibility-enhancing formatting," the documents Plaintiff has filed over the past several months are acceptable to the Court, and Plaintiff may file documents with similar formatting in the future; however, the documents do not appear to include any special formatting that the Court would not accept from

any litigant. It therefore appears that Plaintiff does not require an accommodation as to document formatting.

Plaintiff's Motion to Stay Eviction Proceedings (ECF No. 2) is redundant with her more recently filed Motion for Temporary Restraining Order (ECF No. 13); accordingly, Plaintiff's Motion to Stay Eviction Proceedings (ECF No. 2) is **DENIED WITHOUT PREJUDICE** to consideration of Plaintiff's arguments in connection with her Motion for Temporary Restraining Order. The Motion for Temporary Restraining Order will be addressed by separate order by the District Judge.

Finally, Plaintiff's Motion for PACER Fee Exemption (ECF No. 12) is **DENIED AS MOOT**, as Plaintiff already has the ability to download each document on the court's docket free of charge. When a new document is filed on the docket, Plaintiff will receive a notice of electronic filing ("NEF") via the email address she provided when creating her PACER account. Plaintiff may click the link in the NEF to open a PDF copy of the newly filed document without incurring PACER charges. Plaintiff should take care to download and save each newly filed document, as only her first access via the NEF link is free of charge.

The Court is aware that Plaintiff has recently submitted a grievance to the Clerk of Court asserting that her PACER account has been disabled due to non-payment. However, a screen shot accompanying this grievance reflects that although Plaintiff's PACER search privileges have been disabled, she "may continue to log in and perform other activities (e.g., e-file, request filing privileges)." Accordingly, Plaintiff is still able to file documents and access every document filed in this case, so long as she follows the procedure outlined above.

IV. **DISPOSITION**

For the reasons above, Plaintiff **MAY PROCEED** on Counts 1–7 against HMHA and on Counts 1–4, 6, and 9 against Cedar One, but it is **RECOMMENDED** that her remaining claims

8

be dismissed for failure to state a claim on which relief may be granted. Further, Plaintiff's Request for Reasonable Accommodations (ECF No. 1) and Motion to Stay Eviction Proceedings (ECF No. 2) are **DENIED WITHOUT PREJUDICE**, and her Motion for PACER Fee Exemption (ECF No. 12) is **DENIED AS MOOT**.

If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendants, Plaintiff is **DIRECTED** to file a completed summons form (Form AO-440) for each Defendant, a service of process by U.S. Marshal form (Form USM-285) for each Defendant, and a service copy of the Complaint for each Defendant to the Clerk of Court. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE