IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ISIS RUDOLPH,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:25-cv-757 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **HARRISON METROPOLITAN HOUSING** | : | Magistrate Judge Chelsey M. Vascura |
| **AUTHORITY,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Plaintiff Isis Rudolph's Motions for a Temporary Restraining Order and Preliminary Injunction (ECF No. 13) and for "Immediate Relief / Status on Motion to Stay Eviction Proceedings" (ECF No. 19). Because Plaintiff has failed to satisfy the requirements to obtain either a preliminary injunction or a temporary restraining order under Federal Rule of Civil Procedure 65, Plaintiff's motions are **DENIED WITHOUT PREJUDICE**.

I. **BACKGROUND**

Plaintiff Rudolph alleges that she suffers from documented disabilities and is at risk of losing her housing pending an eviction proceeding. (ECF No. 2 at 3; ECF No. 16 at 1–2). She alleges that this eviction originated because of Defendant Harrison Metropolitan Housing Authority's wrongful termination of her Section 8 voucher due to an accusation of fraud. (ECF No. 16 at 2–3). Plaintiff states that this accusation occurred due to "estimated self-employment income submitted under extreme time constraints and disability-related hardship," suggesting that any error was accidental and without "intent to deceive." (*Id.* at 3). Plaintiff's Amended Complaint seeks, in relevant part, "[d]eclaratory and injunctive relief [as] authorized under 28 U.S.C. §§ 2201–2202 and Rule 65 of the Federal Rules of Civil Procedure." (*Id.* at 4, 17).

Specifically, Plaintiff requests that Harrison Metropolitan Housing Authority be ordered to "reinstate [her] Section 8 Housing Choice Voucher," and that Defendant Cedar One Property Management LLC be prohibited "from evicting [her] [or] refusing to renew her lease." (*Id.* at 17). Prior to initiating this lawsuit, Plaintiff states that she filed for Chapter 7 bankruptcy on June 17, 2025, and that in violation of that bankruptcy stay, Defendant Cedar One Property Management LLC "proceeded with eviction actions . . . on July 1, 2025." (ECF No. 16 at 9).[1]

This lawsuit had an unusual start. On July 9, 2025, Plaintiff initiated this case without filing a complaint—instead, she filed Motions for Accommodations Request (ECF No. 1) and to Stay Eviction Proceedings (ECF No. 2). The Clerk of Court issued multiple Notices of Deficiency that same day, given that the filing did not come with a filing fee or a civil cover sheet. (ECF Nos. 3, 4).

On July 10, 2025, Magistrate Judge Vascura notified Plaintiff of an additional series of deficiencies in her filing, highlighting that "the Court cannot adjudicate her Motions given that she has not filed a complaint." (ECF No. 5 at 1). The magistrate judge also advised her that her complaint "must comply with the Federal Rules of Civil Procedure." (*Id.* at 2). Plaintiff subsequently filed her civil cover sheet and Motion for Leave to Proceed *In Forma Pauperis* on July 23, 2025, but still had not actually filed a complaint. (ECF Nos. 6, 7).

On July 24, 2025, Magistrate Judge Vascura cautioned Plaintiff regarding compliance with the Local Rules, "encourage[d] Plaintiff to review the *Pro Se* Handbook" (and provided a link to it on the Court's website),[2] and reiterated that "the Court is unable to adjudicate any of Plaintiff's

---

[1] Plaintiff's evidence here constitutes a series of text messages, with someone identifying as "Maria" from "Cedar One" stating on July 1st that "the owner does want to move forward with eviction at this time." (*See* ECF No. 16-1 at 86–91).
[2] https://www.ohsd.uscourts.gov/pro-se-handbook (hereinafter referred to as the "*Pro Se* Handbook").

pending motions until Plaintiff has filed a complaint with the Court." (ECF No. 8 at 1–2). Plaintiff finally filed her Complaint on August 1, 2025, (ECF No. 9), and shortly thereafter moved for a Temporary Restraining Order and Preliminary Injunction on August 25, 2025. (ECF No. 13). Plaintiff then filed an Amended Complaint on September 4, 2025. (ECF No. 16). The magistrate judge duly reviewed this Amended Complaint in the Order and Report and Recommendation issued on September 11, 2025, which denied without prejudice Plaintiff's Motions for Reasonable Accommodations and to Stay the Eviction Proceedings. (*See* ECF No. 17 at 5, 8–9).

Plaintiff objected to the magistrate judge's Report and Recommendation on September 26, 2025, (ECF No. 18), and, just a few days later, filed a renewed motion on September 30, 2025, seeking "Immediate Relief" on Plaintiff's "Motion to Stay Eviction Proceedings, filed on July 10, 2025, and any other associated filings such as TRO requests." (ECF No. 19).

## II. STANDARD OF REVIEW

The issuance of preliminary injunctions and temporary restraining orders are both governed by Rule 65 of the Federal Rules of Civil Procedure. Courts may issue preliminary injunctions "only on ***notice*** to the adverse party." Fed. R. Civ. P. 65(a)(1) (emphasis added). "This notice requirement implies 'a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.'" *Amelkin v. McClure*, 1996 WL 8112, at *5 (6th Cir. Jan. 9, 1996) (citation omitted).

In contrast, courts are permitted to issue temporary restraining orders without written or oral notice to the adverse party (also known as an *ex parte* temporary restraining order) when two requirements are met. First, there must be "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and second, "the movant's attorney [must]

3

certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B). Temporary restraining orders are emergency measures meant "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *NetChoice, LLC v. Yost*, 711 F. Supp. 3d 844, 852 (S.D. Ohio 2024) (Marbley, J.). To obtain a temporary restraining order, the movant bears a "heavy" burden of "proving that the circumstances clearly demand such an extraordinary remedy" and "must establish its case by clear and convincing evidence." *Id.* (internal quotation marks and citations omitted).

### III. LAW & ANALYSIS

Notice is crucial to Plaintiff's sought preliminary injunction and temporary restraining order. In this case, the lack of notice, alongside the lack of indication that notice was attempted, is fatal to the relief Plaintiff seeks. *See Taylor-Bey v. Deangelo*, 2024 WL 482236, at *2 (E.D. Mich. Jan. 12, 2024) ("Because Plaintiff did not follow the requirements of Rule 65, the extraordinary relief of a preliminary injunction and/or temporary restraining order [] is not warranted."). When Plaintiff filed her Amended Complaint on September 4, she cited to Rule 65 as "authoriz[ing]" that injunctive relief. (ECF No. 16 at 4). She also referenced in her "Certificate of Service" that it was her understanding that "***the Court will arrange for service of the summons*** and complaint upon the Defendants on [her] behalf." (*Id.* at 20) (emphasis added). ***But Plaintiff never actually completed or filed these summons forms*** with the Court, and thus cannot seek the injunctive relief that Rule 65 authorizes when sought ***with notice*** to the opposing party.

As previously noted, the magistrate judge advised Plaintiff of the significance of the Federal Rules of Civil Procedure on July 10, 2025, and further encouraged her to review the *Pro Se* Handbook on July 24, 2025. The *Pro Se* Handbook specifies, in relevant part, that "[a]fter the

4

complaint is filed, the next step is 'service of process'—the procedure that officially notifies the Defendant that a lawsuit has been filed against him/her." *Pro Se* Handbook at 9. The Handbook goes on the clarify that for *pro se* litigants proceeding *in forma pauperis*, the United States Marshal Service "will complete service of process," but the *pro se* litigant is still "responsible for completing and providing the Clerk's Office with the appropriate service forms," including the summons form, "for **each** named Defendant." *Id.* at 9–10 (emphasis in original).

Because Plaintiff did not file summons forms, Defendants lack notice of this lawsuit. First, this lack of notice is fatal to Plaintiff's sought preliminary injunction, because preliminary injunctions cannot be issued without notice to the party sought to be enjoined. *See* Fed. R. Civ. P. 65(a)(1). Plaintiff "has not shown that [she] has given any notice of [her] request for a preliminary injunction," and thus this Court is "without authority" to grant such relief. *Farm Credit Mid-Am., ACA v. Varner*, 2021 WL 9979768, at *1 (W.D. Ky. Dec. 21, 2021); *Bushner v. Kerner*, 2024 WL 3413251, at *3 (S.D. Ohio July 15, 2024); *accord Qualus Corp. v. Wilson*, 2023 WL 6929721, at *4 (S.D. Ohio Oct. 18, 2023).

Second, this lack of notice is fatal to Plaintiff's sought temporary restraining order, because, *at a minimum*, Plaintiff has not certified in writing that she made efforts to give notice and why notice should not be required.[3] *See* Fed. R. Civ. P. 65(b). Although Rule 65(b)(1) only specifically references the certification of attorneys, "courts have interpreted this requirement as applying to a *pro se* litigant" as well. *Taylor-Bey*, 2024 WL 482236, at *3; *Bushner*, 2024 WL 3413251, at *3. Rule 65(b)'s restrictions on the issuance of *ex parte* temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before

---

[3] Plaintiff's suggestion in her "Certificate of Service" that she is "unable to personally serve this filing" due to her indigent status and her filing *in forma pauperis* does **not** suggest that she has attempted notice, or that notice should not be required for this temporary restraining order. (ECF No. 19 at 5).

reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 429 (1974)).

Even if Plaintiff had convincingly argued that notice should not be required, she has not presented evidence sufficient to show "clearly" that the "extraordinary" relief of an *ex parte* temporary restraining order is warranted. *Farm Credit Mid-Am., ACA*, 2021 WL 9979768, at *1 (citations omitted). Plaintiff has not, for instance, clearly shown that an eviction is scheduled, identified a date for the eviction, or provided any documentation regarding that eviction showing that such harm is immediate, "and the court cannot conclude that danger is so immediate to necessitate a [temporary restraining order] without an opportunity for Defendants to be heard." *Jackson v. U.S. Bank Loan Servicing*, 2009 WL 2447485, at *3 (E.D. Mich. Aug. 6, 2009).

No plaintiff can seek an *ex parte* preliminary injunction. And this Plaintiff has not satisfied all the steps required for this Court to consider granting an *ex parte* temporary restraining order. Although she is a *pro se* litigant and is entitled to some latitude in drafting her legal papers, she is "still expected to comply with the relevant rules of procedure." *Bushner*, 2024 WL 3413251, at *3; *see Pro Se* Handbook at 1, 3, 5, 22. Plaintiff has already been informed of this by the magistrate judge. (ECF No. 17 at 9) (detailing the steps Plaintiff needs to take if she "wishes to have the United States Marshal effect service of the summons and Complaint on Defendants").

## IV.     CONCLUSION

For the reasons set forth above, this Court cannot grant Plaintiff relief through a preliminary injunction. This Court also cannot grant Plaintiff relief via a temporary restraining order because Defendants do not have notice, and Plaintiff has not certified that she has made efforts to provide notice—nor has she explained why notice should not be required.

6

To the extent that Plaintiff requests "an order ruling on the Motion to Stay Eviction Proceedings," (ECF No. 19 at 3; *see* ECF No. 2), that motion has already been denied (without prejudice) by the magistrate judge. (ECF No. 17 at 9). To the extent that Plaintiff requests "proper notice of all filings and rulings regarding this case," (ECF No. 19 at 3), the magistrate judge has already explained that "Plaintiff already has the ability to download each document on the court's docket free of charge" through the notice of electronic filing emails to her PACER account. (ECF No. 17 at 8). And to the extent that Plaintiff suggests she has not received filings in her bankruptcy court proceeding (ECF No. 19 at 2), that is an issue for Plaintiff to raise before the bankruptcy court.

Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction (ECF No. 13) and for "Immediate Relief / Status on Motion to Stay Eviction Proceedings" (ECF No. 19) are **DENIED WITHOUT PREJUDICE**. This Court directs Plaintiff's attention to the magistrate judge's guidance regarding the importance of summonses, and on how to effect service of the summons and Amended Complaint on each Defendant, which will ensure the Defendants are aware of this lawsuit and the magistrate judge's Order and Report and Recommendation. (ECF No. 17 at 9).

**IT IS SO ORDERED.**

	**ALGENON L. MARBLEY**
	**UNITED STATES DISTRICT JUDGE**

**DATED:  October 3, 2025**