## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ISIS RUDOLPH, SR.,**

        **Plaintiff,**

    **v.**

**HARRISON METROPOLITAN
HOUSING AUTHORITY,** *et al.*,

        **Defendants.**

                            **Civil Action 2:25-cv-757**
                            **Judge Algenon L. Marbley**
                            **Magistrate Judge Chelsey M. Vascura**

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Reasonable Accommodations and Extension of Time (ECF No. 45). Plaintiff's Motion is **GRANTED IN PART and DENIED IN PART**, as follows:

1.    Designation of a single Defense representative for speaking and correspondence: Because the case involves multiple Defendants, it will not always be possible for Defendants to collectively designate a single representative for speaking on phone calls or hearings or for written correspondence. The undersigned is unable to decide on the appropriate representatives for all aspects of the case at this time.

2.    Clear and structured communication, including advance identification of who will be speaking at conferences, consolidated written communications where possible, and avoidance of last-minute or fragmented notices: Again, the undersigned cannot designate who will speak at conferences in advance. Nor can the Court require multiple defendants to consolidate their communications. And it is not the Court's practice to issue last-minute or fragmented notices.

3.      Extensions of time and procedural flexibility: Plaintiff may request extensions from the Court on a case-by-case basis. In doing so, Plaintiff should make sure to solicit Defendants' consent to the extensions as provided by S.D. Ohio Civ. R. 7.3(a) prior to requesting extensions from the Court. The Court expects that Defendants will agree to reasonable extensions of time.

4.      Advance notice of conferences and deadlines: Again, the Court's standard practice is to provide advance notice of conferences and deadlines. The Court expects Defendants will work with Plaintiff to find mutually convenient times for depositions, and that Defendants will provide at least 14 days' notice in advance of depositions.

5.      Written supplementation in lieu of or in addition to live participation: The undersigned cannot issue a blanket ruling for all conferences and hearings in this case. That said, with respect to conferences to resolve discovery disputes, all parties will be afforded an opportunity to submit written position statements in advance of the conference.

6.      Accommodation without adverse inference: The Court will not construe Plaintiff's use of accommodations as non-cooperation or delay.

During the preliminary pretrial conference on January 22, 2026, the undersigned also discussed the use of generative artificial intelligence (such as ChatGPT or Gemini) ("AI") in this litigation. Plaintiff was advised that she will not be permitted to use generative AI in real time to answer deposition questions.

As to using generative AI as part of drafting documents for submission to the Court, it is hereby **ORDERED** that any party who uses generative AI to help generate the content of any portion of a pleading, motion, brief, or other document must submit a declaration disclosing the use of generative AI. The declaration shall be captioned "Disclosure of the Use of Generative

2

AI." The declaration must identify the content (by page, section, or paragraph number) which was prepared with the assistance of generative AI and state the platform used (ChatGPT, Gemini, etc.). In the declaration, the attorney or pro se litigant must certify that they have reviewed the relevant source material and have verified that all submissions to the Court are accurate, and that they have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure (which provides that by submitting a pleading, motion, brief, or other paper to the Court, an attorney or pro se litigant certifies that their claims, defenses, and other legal contentions are warranted by existing law and that their factual contentions have evidentiary support).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE