IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ISIS RUDOLPH,                                      :
                                                   :
            Plaintiff,                             :   Case No. 2:25-cv-757
                                                   :
      v.                                           :   Judge Algenon L. Marbley
                                                   :
HARRISON METROPOLITAN                              :   Magistrate Judge Chelsey M. Vascura
HOUSING AUTHORITY, *et al.*,                       :
                                                   :
            Defendants.                            :

<u>**OPINION & ORDER**</u>

This matter comes before the Court on several matters. First, the Magistrate Judge recommended partial dismissal of *pro se* Plaintiff Isis Rudolph's Amended Complaint (*see* ECF No. 17), and Rudolph objected. (ECF No. 18). Second, the Court denied Rudolph's requested emergency relief, and Rudolph now seeks clarification of that denial, along with miscellaneous relief. (ECF Nos. 21; 22). Third, Rudolph has requested the Court take judicial notice of her bankruptcy proceedings. (ECF No. 36). Fourth, the Magistrate Judge ordered the parties to certify any filing submitted with content generated by artificial intelligence, (ECF No. 50), and Rudolph objected. (ECF No. 52).

For the following reasons, Rudolph's Motions are **GRANTED** insofar as she requests cost-free access to PACER in this matter as an indigent litigant and asks the Court to take judicial notice of other court dockets; her Motions are otherwise **DENIED**.

## I.    BACKGROUND

Isis Rudolph sued the Harrison Metropolitan Housing Authority and Cedar One Property Management LLC in July 2025. (*See* ECF No. 2 at 2–3). In her operative Second Amended Complaint, she alleges that the Defendants' wrongful conduct resulted in the termination of her

1

Section 8 housing voucher, the denial of her requests for reasonable accommodations, the non-renewal of her lease, and her resulting homelessness.  She asserts that she suffers from physical and mental disabilities that limit her life activities and impair her "executive functioning, memory, communication, and mobility."  (ECF No. 70 at 2–3).

Rudolph initially failed to submit a Complaint with her first filings in this case, later submitting a Complaint on August 1, 2025.  (ECF No. 9).  On August 25, she moved for emergency relief, but her pleadings had not yet been screened.  (ECF No. 13).  She then submitted an Amended Complaint on September 4.  (ECF No. 16).  On September 11, the Magistrate Judge conducted an initial screen of Rudolph's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  The Magistrate Judge recommended the Court permit some of Rudolph's claims to proceed, while others be dismissed.  (ECF No. 17 at 1–2).  On September 26, Rudolph objected to the dismissal of one of her claims, providing additional argument and evidence in support of that claim.  (*See* ECF No. 18).  Then, on September 30, Rudolph moved again for emergency relief, seeking a temporary restraining order and a preliminary injunction.  (ECF No. 19).  The Court denied her requests for emergency relief on October 3, 2025.  (ECF No. 20).  Thereafter, Rudolph filed two Motions seeking clarification on the Court's opinion denying her requested emergency relief and requesting a variety of miscellaneous relief.  (ECF Nos. 21; 22).  These Motions remain pending.

On March 19, 2026, the Magistrate Judge granted Rudolph's request to file a Second Amended Complaint.  (ECF No. 69).  That Second Amended Complaint is now Rudolph's operative pleading.  (*See* ECF No. 70).  Along with the pending Motions seeking clarification, two other issues that predate the Second Amended Complaint remain live for the Court to address.  First, on November 20, Rudolph requested that the Court take judicial notice of her bankruptcy case in the United States Bankruptcy Court for the Southern District of Ohio and provide "Judicial

Review" of that action.  (ECF No. 36 at 1, 3–4).  Second, the Magistrate Judge had ordered all parties to disclose the use of any generative artificial intelligence used to help generate the content of that party's court filings on January 22.  (ECF No. 50 at 2–3).  On January 23, Rudolph objected to that order, suggesting that it would imperil her protected work product in this matter.  (ECF No. 52 at 6–7).

These miscellaneous motions and requests remain outstanding and are now ripe for review. The Defendants have not opposed or otherwise responded to any of these pending items.  The Court evaluates each motion on its terms, but considers Rudolph's objections under the familiar framework for review of Magistrate Judge orders on non-dispositive issues.

## II.    STANDARD OF REVIEW

Objections to a Magistrate Judge's orders on non-dispositive issues are governed by Federal Rule of Civil Procedure 72(a).  Under Rule 72(a), the Court  "must consider timely objections and modify or set aside any part of [a Magistrate Judge's] order that is clearly erroneous or is contrary to law" when it concerns "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a).  The clearly erroneous standard applies to the Magistrate Judge's factual findings, in light of the considerable deference that Rule 72(a) provides to the Magistrate Judge's determinations. *Hunter v. Booz Allen Hamilton, Inc.*, 2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.).  A Magistrate Judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the Court is left with the definite and firm conviction that a mistake has been committed. *Id.*  Meanwhile, the Court will overturn the Magistrate Judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (cleaned up).

3

When evaluating the substance of a *pro se* litigant's objection to a Magistrate Judge's order—or when evaluating a *pro se* litigant's motions generally—the Court will give more latitude than it would to parties proceeding counseled by lawyers. *Hutchison v. Biden*, 2026 WL 265628, at *2 (S.D. Ohio Feb. 2, 2026) (Marbley, J.); *see Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). That does not mean, however, that *pro se* litigants "benefit from any 'lenient treatment of substantive law.'" *Hutchison*, 2026 WL 265628, at *2 (quoting *Johnson v. Stewart*, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010)).

### III.    LAW & ANALYSIS

#### A.  Rudolph's Objection to the Magistrate Judge's Report and Recommendation

First, Rudolph's objects (ECF No. 18) to the Magistrate Judge's September 11, 2025 Report and Recommendation. The Magistrate Judge recommended the dismissal of Rudolph's claim against Defendant Cedar One Property Management LLC for discriminatory enforcement of renter's insurance requirements, finding Rudolph's "bare allegation" to be "naked" and "devoid of further factual enhancement" and thus insufficiently pleaded. (ECF No. 17 at 6, 8–9) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In her Objection, Rudolph provides further background context for the nature underlying that allegation. (ECF No. 18 at 1–2).

On substance, Rudolph's argument missed the mark because it attempted to cure deficiencies in her Amended Complaint via objection to a Report and Recommendation. Any pleading that states a claim for relief, including Rudolph's Amended Complaint, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). An objection cannot serve to backfill gaps in a complaint.

That said, this issue is now procedurally moot: while her objection was pending, Rudolph submitted a Second Amended Complaint with leave of the Court. (ECF Nos. 59; 69; 70). Now,

4

the operative pleading has changed, as Rudolph's Second Amended Complaint "supersedes all previous complaints and controls [the] case from that point forward." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). And Rudolph's Second Amended Complaint does not include a claim analogous to the one that was the subject of her Objection here. Thus, the Court **DENIES as moot** Rudolph's Objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

### B. Rudolph's Motions to Clarify the Court's Order Denying Emergency Relief

Next, Rudolph's Motions to Clarify (ECF Nos. 21; 22) seek to renew Rudolph's prior motions for a temporary restraining order and preliminary injunction, (ECF Nos. 13; 19), that the Court denied on October 3, 2025. (ECF No. 20). These Motions to Clarify also seek other, miscellaneous relief. The Court evaluates all requested relief in turn.

### 1. Plaintiff's Requests for Renewal and Clarification of Emergency Motions

First and foremost, Rudolph seeks to "renew[] and clarif[y] her previously filed requests for a Temporary Restraining Order [] and Preliminary Injunction" and seeks to "incorporate[] by reference all prior motions and exhibits already filed with this Court." (ECF No. 21 at 2). She notes that she "has submitted over 90 exhibits and detailed written documentation of her claims, which have not been consistently acknowledged on the record." (*Id.*). She reasserts that she suffers from a variety of disabilities,[1] arguing that these disabilities create accessibility barriers that may jeopardize her filings. (ECF No. 22 at 4).

---

[1] Rudolph takes issue with the Court's previous characterization of her disability as an "allegation." (ECF No. 22 at 4; *see* ECF No. 20 at 1). The Court does not characterize her assertions as "allegations" to cast aspersions or otherwise raise doubts on the sincerity of Rudolph's claims. The Court has not been asked to take a position on this issue, and the Court does not take a position on this issue at this time. "[P]arties must normally submit admissible evidence to support the factual allegations in their case." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). Rudolph has offered photographs of letters that purportedly address her health, ability, and recommend accommodations, (*e.g.*, ECF No. 22-1), but the Court has not yet admitted these

These emergency motions have already been decided, and Rudolph has not provided a basis for revisiting them. *Cf. Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 539 (S.D. Ohio 2012) (Barrett, J.) (failure to provide a basis for reconsideration "precludes reconsideration of an issue already decided in a previous stage of litigation"). Rudolph's arguments here "amount to little more than a disagreement with the Court's decision" with a goal of getting the Court to change its mind based on the same arguments and evidence previously provided. *Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (Marbley, J.). As the Court explained nearly thirty years ago:

> A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. . . . Mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration.

*Id.*

Though the Court appreciates Rudolph's concern that not all her prior supporting documents were received because not all her filings were cited, it is her duty to ensure that her motions are properly supported by the record. "Judges are not like pigs, hunting for truffles that might be buried in the record." *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (cleaned up). Particularly where a litigant creates a voluminous record, the litigant is responsible for reviewing the record and advancing arguments based on that record to the district court, because it simply is not the duty of the district court to scour the entire record on its own accord. *Cf. id.*; *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) (at summary judgment, the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact"). The Court will grant Rudolph limited free

---

documents into evidence. To do so would be premature at this stage of the case. *See Abu-Joudeh*, 954 F.3d at 848. Thus, as a legal matter, Rudolph's claims of disability remain claims at this time.

6

access to PACER so that she may confirm her submissions have made it onto the docket.  *See* Section III(B)(2), *infra*.  But to the extent that Rudolph's Motions seek to renew her requests for emergency relief, they are **DENIED**.

### 2.  Plaintiff's Requests for Other Relief

Rudolph also seeks miscellaneous relief in these Motions.  She requests:  (1) acknowledged receipt of all prior filings and exhibits; (2) accommodations allowing her to access the case docket and filings "through PACER or another accessible method"; (3) Court-effectuated service of all filings on Defendants; (4) acknowledgement of Rudolph's disability status; and (5) consideration of "any procedural deficiencies arising from [Rudolph's] disabilities and indigency as grounds to prevent dismissal or prejudice."  (ECF Nos. 21 at 5; 22 at 5).

First, Rudolph's request for the Court to acknowledge receipt of all prior filings and exhibits is **DENIED**.  Rudolph provides no basis for her request, particularly when the Court's prior Opinions and Orders cite to her filings.  (*E.g.*, ECF Nos. 17; 20).  The Court's ruling on Rudolph's request for PACER access may address her concerns.

Second, Rudolph's request for PACER access is **GRANTED**.  The Court finds that Rudolph is indigent and falls within the class of users listed in the fee schedule[2] as being eligible for a fee exemption.  Rudolph has demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information.  Her request is limited to the scope of her case and is not intended for redistribution on the internet or for commercial purposes.  Accordingly, Plaintiff Rudolph shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court, to the extent that such use is incurred in the

---

[2] United States Courts, *Electronic Public Access Fee Schedule* (eff. Jan. 1, 2020), available at https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule (last visited May 20, 2026).

course of *Rudolph v. Harrison Metropolitan Housing Authority*, Case No. 2:25-cv-757 (S.D. Ohio). Rudolph shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system. Should she wish to receive an exemption in other cases pending before the Southern District of Ohio, she must apply separately for another exemption from PACER fees in each case. The following limitations apply to Rudolph's use of PACER:

1. This fee exemption applies only to Rudolph and is valid only for the purposes stated in this Opinion and Order;
2. This fee exemption applies only to the electronic case files of the U.S. District Court for the Southern District of Ohio that are available through PACER;
3. By accepting this exemption and using PACER, Rudolph agrees not to sell for profit any data obtained as a result of receiving this exemption;
4. Rudolph is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases;
5. This exemption is valid until **August 24, 2026**. Rudolph shall file a renewed motion for PACER access no later than **August 10, 2026** if she wishes to extend this exemption.

The Court may modify or revoke this exemption at its discretion at any time.

Third, Rudolph's request for Court-effectuated service of all filings on the Defendants is **DENIED as moot**. On October 7, 2025, the Magistrate Judge granted her later Motion for Court-Ordered Service (ECF No. 23) and directed the United States Marshal to serve the issued summonses alongside copies of other documents. (ECF No. 25 at 1).

Fourth, Rudolph's request for Court acknowledgement of her disability status is **DENIED**. Rudolph provides no legal authority for her request. The Court assures Rudolph that it takes no position on her asserted disability status at this time, and does not refer to her claims of disability as "allegations" to disparage the veracity of her claims. *See* footnote 1, *supra*. Rather, as a legal matter, Rudolph has not yet established these claims because the admission of evidence is premature at the current stage of this lawsuit. *See Patriot Angels Consulting Corp. v. Veterans of*

*Foreign Wars of the U.S.*, 2026 WL 625680, at *6 (M.D. Tenn. Mar. 5, 2026) (admission of evidence is premature at the motion-to-dismiss phase of litigation).

Fifth, Rudolph's request that the Court consider "any procedural deficiencies arising from [her] disabilities and indigency as grounds to prevent dismissal or prejudice" is unintelligible. This request is **DENIED**. The Court certainly will not hold Rudolph's claimed disabilities or indigency against her. And as the Court has already explained, Rudolph is afforded a degree of leniency in light of her *pro se* status. Under certain circumstances, this leniency may extent to "the enforcement of procedural rules" given the "special solicitude" that courts afford *pro se* litigants. *Boyd v. United States*, 932 F. Supp. 2d 830, 840 (S.D. Ohio 2013) (Marbley, J.). That said, the Court's "special solicitude toward *pro se* litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power" those *pro se* litigants rely to "vindicate [their] rights." *Wesley v. Accessible Home Care*, 2018 WL 6424691, at *3 (E.D. Ky. Dec. 6, 2018) (quoting *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (internal quotation marks omitted)). The Court has already cautioned Rudolph that she must comply with the relevant rules of procedure. *Rudolph v. Harrison Metro. Housing Auth.*, 2025 WL 2822766, at *3 (S.D. Ohio Oct. 3, 2025) (Marbley, J.) (ECF No. 20 at 6). These rules include the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Ohio.[3] The Court cannot grant Rudolph wholesale exemptions from complying with these rules. These are the rules of the court system that Rudolph chose to invoke when she filed this suit.

### C. Rudolph's Notice of Related Proceedings and Request for Judicial Review

On November 20, 2025, Rudolph filed a Notice of Related Proceedings and Request for Judicial Review. (ECF No. 36). She asks the Court to "[t]ake judicial notice of all related

---

[3] U.S. District Court for the Southern District of Ohio, *Local Rules* (eff. Oct. 21, 2024), available at https://www.ohsd.uscourts.gov/local-rules (last visited May 20, 2026).

proceedings in *In re Isis Rudolph, Sr.*, Case No. 2:25-bk-52660 (Bankr. S.D. Ohio)," recognize "factual and legal overlap" between the cases, "[m]onitor the bankruptcy proceedings," and "[p]ermit supplementation with certified bankruptcy filings." (*Id.* at 3–4) (case name and citation altered). Rudolph provides Fed. R. Evid. 201 and 28 U.S.C. § 1334(b) as the authorities for her request.

Federal Rule of Evidence 201 allows the Court to "judicially notice a fact that is not subject to reasonable dispute" either because that fact "is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The rule "governs judicial notice of an adjudicative fact only." Fed. R. Evid. 201(a). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

At least one court in this circuit has concluded that requests for judicial notice under Rule 201 are improperly grounded or "premature" if the movant "is not attempting to bypass the procedures for admitting evidence." *Patriot Angels*, 2026 WL 625680, at *6. The Sixth Circuit's analysis of the rule supports this view, given its characterization of Rule 201 as a "shortcut around" the normal procedures for submitting admissible evidence. *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). The *Patriot Angels* court concluded that when the admission of evidence is premature, requests for judicial notice under Rule 201 were inappropriate, but judicial notice could still be given to matters of public record at earlier stages in litigation. 2026 WL 625680, at *6.

The Court agrees with this reasoning and concludes that Rudolph's request is not properly before the Court under Federal Rule of Evidence 201. By its terms, Rule 201 only applies to

10

adjudicative facts. Adjudicative facts are "facts about the particular event which gave rise to the lawsuit and . . . help[] explain who did what, when, where, how, and with what motive and intent." 2 McCormick on Evidence § 328 (9th ed. 2025). Put differently, adjudicative facts concern the "facts of the particular case," *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002), and thus "relate to" and "have relevance to" the legal reasoning of the case. *United States v. Silvers*, 129 F.4th 332, 342 (6th Cir. 2025) (citations omitted). At this early stage, it appears premature to evaluate the relevance of other court proceedings for the purposes of judicially-noticed admission of evidence under Rule 201.

Instead, the Court evaluates Rudolph's request as simply seeking judicial notice of the filings on the bankruptcy court's docket. Courts may take judicial notice of matters of public record, including "notice of proceedings in other courts." *Hutchison v. Biden*, 2026 WL 768835, at *1 n.1 (S.D. Ohio Mar. 18, 2026) (Marbley, J.) (citing, *inter alia*, *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020)). Thus, Rudolph's request is **GRANTED in part**, insofar as the Court will take judicial notice of the existence of the bankruptcy docket. To the extent that Rudolph asks the Court to draw certain conclusions from the substance of the bankruptcy court proceedings or otherwise "monitor" those proceedings, her request is **DENIED**. Rudolph provides no explanation why the Court would do so, and Rudolph already has an appeal from the bankruptcy court pending before the Court. *See Rudolph v. Cedar One Properties Ltd.*, Case No. 2:26-cv-205 (S.D. Ohio).

### D. Rudolph's Objection to the Magistrate Judge's Order Regarding AI Use

Last, Rudolph objected (ECF No. 52) to the Magistrate Judge's January 22, 2026 Order (ECF No. 50). In that Order, the Magistrate Judge noted that the use of generative artificial intelligence was discussed at the January 22, 2026 preliminary pretrial conference, where Rudolph

was informed that she could not use generative AI in real time to answer deposition questions. (ECF No. 50 at 2). The Magistrate Judge further ordered:

> [A]ny party who uses generative AI to help generate the content of any portion of a pleading, motion, brief, or other document must submit a declaration disclosing the use of generative AI. The declaration shall be captioned 'Disclosure of the Use of Generative AI.' The declaration must identify the content (by page, section, or paragraph number) which was prepared with the assistance of generative AI and state the platform used (ChatGPT, Gemini, etc.). In the declaration, the attorney or pro se litigant must certify that they have reviewed the relevant source material and have verified that all submissions to the Court are accurate, and that they have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure (which provides that by submitting a pleading, motion, brief or other paper to the Court, an attorney or pro se litigant certifies that their claims, defenses, and other legal contentions are warranted by existing law and that their factual contentions have evidentiary support).

(*Id.*).

In her objection, Rudolph represents that she will not use artificial intelligence tools during real-time proceedings, including proceedings that would involve sworn testimony. (ECF No. 52 at 3–4). She explains that she uses AI to organize information, understand procedural requirements, and express her thoughts, particularly given her claimed disabilities. She contends that without the ability to use AI in that way, she is "functionally excluded" from participating in the case. She recognizes that she "remains fully responsible for the content of all filings, statements, and testimony submitted in this matter." (*Id.*).

Rudolph goes on to object specifically on two points. She first argues that the Magistrate Judge's Order provides inequitable treatment of her as a *pro se* litigant. (ECF No. 52 at 4–5). She also argues that mandated disclosure of "AI prompts, inputs, or interaction histories" would force her to reveal her protected work product in this matter. (*Id.* at 6–7).

Rudolph's objection here does not surmount the high threshold to disturb the deference owed to the Magistrate Judge. *See* Fed. R. Civ. P. 72(a). In fact, Rudolph's objection entirely misreads the Magistrate Judge's Order—the Magistrate Judge's Order did not mandate disclosure

12

of AI prompts, inputs, or interaction histories, nor does it treat *pro se* litigants differently.[4]  Rather, the Magistrate Judge ordered that *all* parties disclose the use of generative AI in their pleadings, identify the section(s) resulting from such generative AI use, and certify that Court submissions are accurate.  The Court **OVERRULES** Rudolph's Objection and **SUSTAINS** the Magistrate Judge's Order.

The Court **CAUTIONS** all parties that any party may be sanctioned for failure to adhere to the Magistrate Judge's January 22, 2026 Order Governing the Disclosure of the Use of Generative AI.  In light of her *pro se* status, Rudolph is specifically **CAUTIONED** that AI tools cannot serve as a replacement for legal counsel.  If an AI tool provides her with fake legal authority, and she places that fake legal authority in a Court filing, she is responsible.  "Citing even a single fake case can be sanctionable because no brief, pleading, motion, or any other paper filed in any court should contain *any* citations—whether provided by generative AI or any other source—that a [party] has not personally read and verified." *Whiting v. City of Athens*, 170 F.4th 455, 460 (6th Cir. 2026) (internal quotation marks omitted).

Last, Rudolph requests confirmation by the Court that it received and reviewed her exhibits and supporting materials.  (ECF No. 52 at 2).  Because the Court has already addressed this issue and granted Rudolph PACER access so that she can confirm the Court received the filings she submitted, this request is **DENIED**.

---

[4] Appropriately so.  Rule 11 governs every filing, whether submitted by "an attorney or unrepresented party."  Fed. R. Civ. P. 11(b).  The Court will hold all parties to the requirements of Rule 11.  *See Quandel Constr. Grp., Inc. v. Hunt Constr. Grp., Inc.*, 2026 WL 878986, at *7–8 (S.D. Ohio Mar. 31, 2026) (Marbley, J.) (ordering attorneys to submit sworn statements addressing the roles they and artificial intelligence played in submitting erroneous legal citations to the Court).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff Rudolph's Objection (ECF No. 18) is **DENIED as moot** and the Magistrate Judge's September 11, 2025 Report and Recommendation (ECF No. 17) is **ADOPTED**. Rudolph's Motions to Clarify (ECF Nos. 21; 22) are **GRANTED** insofar as she requests PACER access; these Motions are otherwise **DENIED, in part as moot**. Rudolph's Request for Judicial Review (ECF No. 36) is **GRANTED in part** and **DENIED in part**. To the extent that Rudolph's Addendum (ECF No. 52) objects to the Magistrate Judge's Order regarding AI, it is **OVERRULED**; the remainder of its sought relief is **DENIED**.

The Court **REMINDS** Rudolph that she must adhere to the Court's Local Rules and ensure that all her "documents filed electronically [are] formatted . . . [to] have each page numbered consecutively." S.D. Ohio Civ. R. 5.1(a).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: May 28, 2026**

14